**GISH** PLLC

41 MADISON AVENUE, FLOOR 31
NEW YORK, NY 10010
(212) 518-2866 | MICHAEL@GISHPLLC.COM

AUGUST 14, 2026

The Hon. Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

**Re: *Rokt Corp. et al. v. AdsPostX, Inc., et al.*, No. 1:23-cv-02081-LTS—Rokt's Motion to Enforce and Defendants' Response Thereto**

Dear Chief Judge Swain:

We write on behalf of the defendants ("Defendants") in the above-captioned case pursuant to Rule A.1.e of Your Honor's Individual Practices to respectfully request that Defendants be permitted an extension of time to respond to the motion to enforce filed by the plaintiff ("Rokt") earlier this afternoon (ECF No. 201 ("Motion")).

As a brief note of context: Rokt filed the Motion in disregard of Rule 2(b) of Your Honor's Individual Practices. While the parties exchanged correspondence concerning the preliminary injunction order last fall, it was not until Wednesday afternoon that counsel for Rokt indicated that it planned to imminently file the motion and demanded that Defendants participate in a meet-and-confer the following day. Defendants cited Rule 2(b) and its requirement that the parties "use their best efforts to resolve informally the matters in controversy," which "must include" an exchange of letters outlining their "respective legal and factual positions" in response. Rokt declined, claiming both that its factual and legal position remained the same as the fall (and thus it did not need to prepare a new letter) and that discovery had provided new information justifying its filing of its motion now, nearly nine months since the last letter had been exchanged. Defendants reiterated their request to be given notice of these facts, so that they could determine whether they could resolve Rokt's perceived issue short of motion practice. Rokt refused and filed the Motion shortly thereafter, with neither an exchange of correspondence nor a meet and confer taking place.[1]

Defendants thus did not have an opportunity to discuss the Motion with Rokt's counsel prior to filing, but on first blush, it raises complex legal issues and is factually dense, attaching numerous witness declarations and citing to dozens of discovery documents. Preparing a response

[1] This is a long-running habit. Rokt previously refused to engage in the settlement conference before Magistrate Judge Ricardo that the parties had informed the Court that they agreed to conduct (*see* ECF No. 143 at 7), refused numerous offers to take discovery relating to Defendants' preliminary injunction compliance, and has declined multiple express invitations by Defendants to engage in settlement discussions.

will require a substantial undertaking. However, between now and Friday, August 28 (i.e., the deadline pursuant to Local Civil Rule 6.1), counsel for Defendants, comprising three attorneys, have substantial pre-existing commitments. Specifically, from August 19 through September 2, I am traveling abroad for my wedding and honeymoon, and another member of our team will be in attendance at that wedding and traveling afterward. Defendants thus respectfully request an extension of time of an additional twenty-one days, making their response due on September 18. Defendants thank the Court for its consideration of this request.

Respectfully submitted,

Michael M. Powell

The foregoing request is granted. Defendants are directed to file a response to Plaintiffs' motion to enforce (docket entry no. 201) on or before **September 18, 2026**.

SO ORDERED.
August 14, 2026
/s/ Laura Taylor Swain, Chief USDJ